**James D. KNOX, Appellant,**

v.

**DONOVAN LOWERY INSURANCE AGENCY, Appellee.**

**No. 4067.**

Court of Civil Appeals of Texas.

Eastland.

June 17, 1966.

Martin & Knox, Jack R. Martin, Houston, for appellant.

Baskin & Fakes, Stanley D. Baskin, Pasadena, for appellee.

WALTER, Justice.

James D. Knox filed suit against Marine Office of America and Donovan Lowery Insurance Agency to recover for the loss of a boat that was sunk as a result of Hurricane Carla. Upon motion of Knox, Marine Office of America was dismissed and the plaintiff proceeded to trial against Donovan Lowery. The court rendered judgment that the plaintiff take nothing and he has appealed.

Knox' cause of action accrued on September 11, 1961 and his petition was filed on August 23, 1963. When it was filed the plaintiff's attorney instructed the Clerk not to issue citation. The stamp "Do not issue" was placed on the petition and the filing clerk wrote the words "per attorney" thereon.

The principal question presented by this appeal is whether the two year statute of limitation is applicable.

Special issues 5 and 5–A and the answers are as follows:

### SPECIAL ISSUE NO. 5

"Do you find from a preponderance of the evidence that the Citation introduced in evidence in this case was not issued until September 19, 1963, was occasioned

by any act or conduct of the Plaintiff's attorneys, or either of them?

Answer: We do.

If you have answered Special Issue No. 5 'We do', and only in that event, then answer:

### SPECIAL ISSUE NO. 5–A

Do you find from a preponderance of the evidence that at the time of the filing of this suit it was the intention of the plaintiff or his attorneys or either of them to forthwith secure issuance and service of citation?

Answer: We do."

In Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628 (Tex.1958), the Supreme Court said:

"Now, turning to the limitations cases, these themselves sometimes state the rule in terms not altogether clear. In holding the statute not to have been tolled by suit, they sometimes speak as if the intent of the filer of the suit, at the time of filing, is what controls, and yet go on to ascertain his intent exclusively by reference to his conduct both after and at the time of filing. For example, in Ricker, Lee & Co. v. Shoemaker, supra [81 Tex. 22, 16 S.W. 645] in which the filer testified in effect to his intent, at the time of filing and, indeed, thereafter, to prosecute his case, but said he had been unable to get out citation for approximately a year because of lack of funds wherewith to pay the costs, we held that, as a matter of law, the statute was not interrupted, although referring to his original intent as the test. See also Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178. However, it now appears to be expressly settled that prosecution of the suit with diligence is necessary in order to toll the statute. Buie v. Couch, Tex.Civ.App., 126 S.W.2d 565, 566, wr. of er. refused; Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859. In the Buie case, in which a delay of nine months in getting out citation was held, as a matter of law,

to prevent tolling the statute, the court quoted with approval the language of an earlier decision to the effect that 'there must be a bona fide intention also that process be issued and served and due diligence exercised that such process issue and be served.' "

No excuse was offered by Knox' attorney for the delay in having the clerk issue the citation. There is no evidence to support the jury's answer to issue 5–A.

On the authority of Reed v. Reed, (supra), we hold that the court was compelled to render the judgment that was entered in this case. Also see Higginbotham Bros. & Co. v. Callaway, 170 S.W.2d 333, (Tex. Civ.App., 1943, no writ history); City of Gainesville et al. v. Harder et al. 139 Tex. 155, 162 S.W.2d 93 (1942).

We have examined all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.