**Ronald Gene FISHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–89–01459–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 24, 1991.

John H. Hagler, Dallas, for appellant.

Kathi Alyce Drew, Dallas, for appellee.

Before BAKER, KINKEADE and OVARD, JJ.

## OPINION

KINKEADE, Justice.

Ronald Gene Fisher appeals his conviction for securing the execution of a document by deception. After a jury trial, the jury assessed punishment at four years' confinement, probated for ten years, and a $5000 fine. In six points of error, Fisher argues that (1) the evidence is insufficient to support his conviction, (2) the State erroneously charged him with deception rather than forgery, (3) the indictment failed to provide sufficient notice of the offense charged, and (4) the prosecution committed reversible error by commenting on his refusal to call a witness. Because sufficient evidence exists to sustain his conviction, the State correctly charged him, his indictment provided sufficient notice, and the prosecution did not commit reversible error, we affirm Fisher's conviction.

## FACTS

An acquaintance contacted Ronald Gene Fisher, an attorney licensed to practice in Oklahoma, seeking his assistance in filing a personal injury lawsuit. Because Fisher was not licensed to practice law in Texas, he approached a fellow employee, Bian Beverly, and asked her if she would agree to act as co-counsel and file the lawsuit. Fisher told her he would do all the work on the case if she would simply review his efforts and sign all the necessary documents.

Shortly before the statute of limitations ran, Fisher filed the lawsuit listing Beverly as co-counsel. He signed Beverly's name on the petition, used her bar license number, and asked the court clerk to issue

citation. When the attorney for the defendant in the lawsuit contacted Beverly, she expressed surprise and requested that a copy of the petition be mailed to her. She never received this copy, but received notice from the court of the inability to serve the defendant. In an effort to clarify this matter, Beverly traveled to the courthouse to investigate. She found the petition that Fisher had asked her to review in the file with her name signed on the petition. She contacted the Committee for the Unauthorized Practice of Law in Dallas, the State Bar Association in Austin, and the District Attorney's Office in Dallas, and informed them that Fisher had signed her name to the petition without any authority.

## SUFFICIENCY OF THE EVIDENCE

In reviewing a challenge to the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the verdict to determine whether the trier of fact heard evidence that established the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The jury judges the credibility of the witnesses and has a right to accept or to reject any part or all of the testimony given. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex.Crim.App. [Panel Op.] 1978); *Wiggins v. State,* 778 S.W.2d 877, 884 (Tex. App.—Dallas 1989, pet. ref'd).

### Affecting the Pecuniary Interest

■ In his first point of error, Fisher contends that the evidence is insufficient to support his conviction because it fails to prove that the citation was a document affecting the pecuniary interest of the complainant, the defendant in the lawsuit. Fisher argues that the filing of an answer by the complainant dispensed with the need to issue or serve the citation. Tex.R.Civ.P. 120, 121. Fisher further argues that, since no need arose for a citation, complainant's pecuniary interest remained unaffected.

Section 32.46 of the Texas Penal Code requires that the document deceptively executed must affect the property or pecuniary interest of any person. The statute provides no definition for "property" or "pecuniary interest." *See* Tex.Penal Code Ann. § 32.46 (Vernon 1989). The law considers "property" as an aggregate of rights, which the government guarantees and protects. Black's Law Dictionary 1095 (5th Ed.1979). Further, the definition of "cause of action" or "chose-in-action" refers to them as property. *See id.* at 201, 219. Black's defines "pecuniary" as something relating to money or financial matters and defines "pecuniary interest" as a direct interest related to money in an action or case. *Id.* at 1018.

■ The issuance of a citation critically affects the initiation of a lawsuit. The mere filing of a petition fails to toll the running of a statute of limitations. A plaintiff must exercise due diligence in procuring the issuance of a citation, as well as service if necessary. *Perry v. Kroger Stores,* 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, no writ). When a plaintiff fails to request issuance of citation, simply filing a petition fails to prevent the running of the statute of limitations, which will then operate as a complete defense to the suit. *See Knox v. Donovan Lowery Ins. Agency,* 405 S.W.2d 160, 161 (Tex.Civ.App.—Eastland 1966, no writ).

Fisher's filing of the lawsuit by signing his co-worker's name and using her bar number allowed him to request the issuance of the citation. That filing coupled with the execution of the document by the clerk, "the citation," made the complainant, as the defendant in the suit, potentially liable for monetary damages in the personal injury suit. But for the execution of the citation, the complainant's affirmative limitations defense acts as a complete bar to liability. Denying her this defense would affect her pecuniary interest by subjecting her to this potential liability. Since the definition of property includes a cause of action, we must also logically include a complete defense to a cause of action in that definition. An employee of the district clerk's office testified that the filing of a plaintiff's original petition initiates a civil lawsuit. Fisher himself testified that failing to file the suit within the two year

statute of limitations barred the parents of the injured child from recovering for these injuries. Viewed in the light most favorable to the verdict, sufficient evidence exists from which the jury could find that the citation was a document that affected the pecuniary interest of the complainant. We overrule Fisher's first point of error.

### Use of Deception

■ In his second point of error, Fisher contends the State failed to show he caused the citation to be issued by the use of deception. Fisher argues that since his name also appeared on the petition as an attorney for the plaintiff and he included the word "for" when signing Beverly's name, the State failed to prove a subjective intent on his part.

At trial, Fisher acknowledged that he signed Beverly's name to the petition, but maintained that he obtained her authority. Beverly testified that she never gave Fisher any authority to act on her behalf as an attorney-in-fact. The jury chose to disbelieve Fisher, and this Court must not act as a thirteenth juror in assessing the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988). Viewed in the light most favorable to the verdict, sufficient evidence exists from which the jury could find that Fisher caused the citation to be issued by the use of deception. We overrule Fisher's second point of error.

### Intent to Defraud

■ In his third point of error, Fisher contends that the State failed to prove he acted with the intent to defraud or harm the complainant. Fisher argues that the State presented no evidence that the lawsuit was unfounded or fraudulently initiated. Further, he argues that the parties eventually settled the lawsuit.

The Penal Code defines "harm" as anything reasonably regarded as loss, disadvantage, or injury. TEX.PENAL CODE ANN. § 1.07(a)(16) (Vernon 1974). The fact finder determines intent from all the facts and circumstances and infers intent from the conduct and circumstances surrounding those facts. *Romo v. State*, 593 S.W.2d 690, 693 (Tex.Crim.App. [Panel Op.] 1980). Based on Fisher's actions, the jury drew a legitimate inference that he acted with the intent to defraud or harm. Viewed in the light most favorable to the verdict, sufficient evidence exists from which the jury could find that Fisher intended to defraud or harm the complainant. We overrule Fisher's third point of error.

### DOCTRINE OF *In Pari Materia*

■ In his fourth point of error, Fisher contends that the State should have charged him with the offense of forgery rather than with the instant offense. He argues that section 32.21 of the Texas Penal Code is a more specific statute than section 32.46 and that the doctrine of *in pari materia* requires prosecution under a more specific, rather than a general, statute. In the alternative, he argues that the correct charge fell within the statute of making a false entry in a governmental record. TEX.PENAL CODE ANN. § 37.10 (Vernon 1989).

■ To conflict, statutes must deal with the same subject matter or purpose, or proscribe the same conduct. *See Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim.App.1988); *Ogilvie v. State*, 711 S.W.2d 365, 366 (Tex.App.—Dallas 1986, pet. ref'd). A specific statute controls over a general one only as irreconcilable conflicts arise between the two. *McMillan v. State*, 696 S.W.2d 584, 586 (Tex.App.—Dallas 1984, no pet.).

In the present case, no conflict exists among the various statutes. Distinct differences appear for each offense. The forgery statute proscribes making a false writing that purports to be the act of another person without their authorization. TEX.PENAL CODE ANN. § 32.21 (Vernon 1989). Fisher violated this statute by signing the petition, but that offense is not the basis for the prosecution. Fisher made a false entry in a governmental record when he signed his co-worker's name to the petition without authority, but neither is this act the basis for the instant prosecution. These acts are merely evidentiary of the deception securing the issuance of the cita-

tion. The citation contained no false writings nor was it a false entry in the governmental records. Because the forbidden conduct under each statute is different we hold the statutes are not *in pari materia.* The State could prosecute Fisher under any of these statutes. *Mills v. State,* 722 S.W.2d 411, 413 (Tex.Crim.App.1986); *Steptoe v. State,* 783 S.W.2d 9, 10 (Tex. App.—Houston [14th Dist.] 1989, no pet.). Indeed, the State could have elected to prosecute Fisher for each of these offenses, as neither the federal nor state constitution prohibits multiple prosecutions for more than one statutory offense committed in the same act or transaction. *Ex parte McWilliams,* 634 S.W.2d 815, 824 (Tex.Crim.App.) (on State's mot. for reh.), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982); *Rodriquez v. State,* 766 S.W.2d 358, 359 (Tex.App.—Texarkana 1989, no pet.); *McMillan v. State,* 696 S.W.2d at 587. Because the State could legitimately charge Fisher with securing the execution of a document by deception, we overrule his fourth point of error.

### FAILURE TO QUASH

■ In his fifth point of error, Fisher contends that the indictment failed to provide sufficient notice of the offense charged. Specifically, he argues that there was no definition of the term "harm" and that the indictment failed to allege the specific "property or pecuniary interest" affected. Fisher asserts that these omissions impaired his ability to prepare a defense and the trial court erred when it overruled his exceptions to the indictment.

■ The Penal Code defines "harm" in section 1.07(a)(16). Except for an act or omission that may be committed in more than one way, an indictment need not further allege a statutorily defined term. *Thomas v. State,* 621 S.W.2d 158, 161 (Tex. Crim.App.1980). Therefore, the indictment need only allege "harm" without further elaboration. Additionally, the indictment need not plead the evidence on which the State relies. Unless a fact is essential for notice to the defendant and a plea in bar, evidentiary information is not required in

the indictment. *Bollman v. State,* 629 S.W.2d 54, 55 (Tex.Crim.App. [Panel Op.] 1982); *Phillips v. State,* 597 S.W.2d 929, 935 (Tex.Crim.App. [Panel Op.] 1980). The information Fisher requested was merely evidentiary.

■ Moreover, the mere fact that an indictment may fail to convey some requisite notice does not necessarily require reversal. It is incumbent that an appellant show how the failure to give notice impacted his ability to prepare a defense and, if so, how great an impact it was. *Geter,* 779 S.W.2d at 407; *Adams v. State,* 707 S.W.2d 900, 903 (Tex.Crim.App.1986). After reviewing the record and performing the harm analysis which *Adams* mandates, we fail to find any prejudice to Fisher's substantial rights caused by failure of notice, if any. We overrule Fisher's fifth point of error.

### JURY ARGUMENT

■ In his sixth point of error, Fisher contends that the State committed reversible error when it commented on his failure to call a witness. Fisher argues this allowed the jury to speculate as to harmful facts not in evidence.

Assuming that his failure to object to the State's argument did not waive any error, a long line of cases upholds the State's right to comment during argument on the defendant's failure to call competent and material witnesses. *Kerns v. State,* 550 S.W.2d 91, 96 (Tex.Crim.App.1977); *Fisher v. State,* 511 S.W.2d 506, 507 (Tex.Crim.App. 1974). The State may properly infer that the absent testimony was material and harmful to the defendant. *Kerns,* 550 S.W.2d at 96; *Veracruz v. State,* 713 S.W.2d 745, 749 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). At trial, Fisher testified that he spoke with another attorney who agreed to work with him on the personal injury lawsuit. Therefore, the State could properly ask the jury to draw the deduction that Fisher failed to call this attorney as a witness because his testimony harmed the defendant in a material way. Because the State engaged in proper jury

argument, we overrule Fisher's sixth point of error.

We affirm the trial court's judgment.