The STATE of Texas, Appellant,

v.

Darren C. MAREK, Appellee.

No. 09–92–214 CR.

Court of Appeals of Texas,
Beaumont.

July 21, 1993.

As corrected July 29, 1993.

Robert Hill Trapp, Criminal Dist. Atty., Coldspring, for appellant.

Diane B. Spjut, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

The Grand Jury presented that the accused, Darren C. Marek, on or about the 3rd day of April, 1992 and before the presentment of the indictment did in San Jacinto County, then and there intentionally, knowingly, and recklessly cause bodily injury to Dennis Kennedy by striking him on and about his face with feet, fists, hands, and with an object unknown to the Grand Jury. Appellee filed a motion to quash the indictment and the trial court granted such motion. From the granting of this motion the State appeals.

Appellee's motion to set aside and quash attacks the pleading of the indictment because it is alleged that the indictment fails to specify which of the ways of committing bodily injury that was accomplished in this case. But the indictment clearly sets out that the accused intentionally, knowingly, and recklessly caused bodily injury to the complainant by striking him on or about his face. Then feet, fists, hands and an unknown object were employed. To require the State to plead further would be requiring the State to plead its evidence. The defendant is assumed to know the statutory definition of bodily injury. The indictment virtually tracks the statute.

By well recognized precedents, the rule has been established that a requirement of the charging instrument is to convey adequate notice to the accused in order that he or she may prepare his defense. *DeVaughn v. State*, 749 S.W.2d 62 (Tex.Crim.App.1988). The accused is also entitled to notice as to the *acts* he is alleged to have committed.

Thus, it has been determined that a motion to quash must be granted if the language of the charging instrument concerning the defendant's or the accused's acts or conduct is so vague and indefinite as to deny to him effective notice of the *behavior* in which he allegedly engaged. *State v. Carter*, 810 S.W.2d 197 (Tex.Crim. App.1991). Furthermore, when a term is defined in a penal statute, it is correctly and constitutionally permissible for it not to be further expanded upon and alleged in the charging instrument. *Thomas v. State*, 621 S.W.2d 158 (Tex.Crim.App.1981). The *Thomas* opinion, in relevant part, addressed the term "owner". An accused is visited with a presumption and is presumed to be on notice of statutory definitions. The accused here is presumed to know the definition of bodily injury. The indictment clearly sets out that the bodily injury was caused to Dennis Kennedy by striking him on or about his face.

However, if that definition in and of itself provides for more than one manner or means, then upon a timely motion and request properly urged, the State must allege the manner or means it seeks to establish. But the definition must be contained in a statute that promulgates a criminal offense. Here the statute defining bodily

injury does not delineate a crime; it merely defines bodily injury. Appellee misconstrues section 1.07(a)(7). *Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim.App.1981) (Opinion on Motion for Rehearing) (Davis, J.). The definitions set out in the TEX.PENAL CODE ANN. § 1.07 (Vernon 1974) are definitions and nothing more. In so far as the definition of bodily injury is concerned it does not provide for more than one manner or means. TEX.PENAL CODE ANN. § 1.07(a)(7) reads: " 'Bodily injury' means physical pain, illness, or any impairment of physical condition." The accused has tried to read into the definition, language and provisos which are simply not there. Persuasive reasoning, we think, is set out in *Thomas, supra.*

■ The second paragraph of the motion to quash requires complete notice of the manner and means of causing or committing bodily injury. The indictment sets out this: "with feet, fists, hands and with an object unknown to the Grand Jury." The defendant, Darren C. Marek, under this indictment is not left to guess or to speculate or to assume what manner or means the prosecution is going to prove. The State need not plead its evidence as to the medical result.

The motion to quash lacks merit considering the sections of the Texas Penal Code involved. Ample and adequate notice is clearly given to Marek as to the manner or means. The indictment is well and fully pleaded as to the bodily injury matter; the State is not required to plead its evidence.

■ The State using prudence understandably would decline to plead its evidence or plead surplusage. Generally the State is required to prove surplusage. If such a pleading is made and if the State fails to make proof of the same—although not required to be pleaded in the indictment—then the State runs a great risk of a fatal variance and a resulting acquittal, although the merits of the entire case clearly demonstrate the guilt of the accused.

A definition in the Penal Code is different from the situation in which a statute in the code delineates an offense which, in turn, may be committed by more than one manner or means. The motion complains that the indictment fails to give notice of the type of injury but the charging instrument states that the bodily injury was one on or about the face of the complainant. The manner and means were clearly set out since the charging instrument states that the bodily injury was caused by striking the complainant's face with the defendant's feet, fists, hands and with an object unknown to the Grand Jury.

■ Moreover, the certainty that is required in charging instruments such as an indictment is such as would enable the accused to plead the judgment that may be given thereupon in bar of any later prosecution for the same offense. TEX.CODE CRIM.PROC.ANN. art. 21.04 (Vernon 1989). This charging instrument is sufficient and adequate because it charges the commission of the offense in ordinary, ample, adequate, and concise language and it enables the accused to know what is meant and gives to this accused notice of the particular offense with which he is charged. TEX. CODE CRIM.PROC.ANN. art. 21.11 (Vernon 1989).

■ In setting out an offense of an assault TEX.PENAL CODE ANN. § 22.01(a)(1) (Vernon 1989) provides that: "A person commits an offense if the person intentionally, knowingly, or recklessly causes bodily injury to another." When the language and the wording of the statute is conscientiously and scrupulously followed and when the indictment or charging instrument is drawn in the language of the Penal Statute, that instrument is sufficient because it provides the accused with ample notice of the offense charged. *See Phillips v. State*, 597 S.W.2d 929 (Tex.Crim. App.1980). Neither the State nor the charging instrument is required to plead evidentiary matters or evidentiary facts which are not essential to provide notice. *Slayton v. State*, 633 S.W.2d 934 (Tex. App.—Fort Worth, 1982, no pet.).

A well-reasoned and persuasive opinion is found in *Fisher v. State*, 803 S.W.2d 828 (Tex.App.—Dallas 1991, pet. ref'd). There

the appellant asserted the trial court had committed error in overruling his exception to the failure of the indictment to define the type of "harm". Harm was defined in TEX.PENAL CODE ANN. § 1.07(a)(16). Harm had the meaning of anything reasonably regarded as loss, disadvantage, or injury including harm to another person and in whose welfare the person affected is interested; the appellate court in *Fisher*, citing and referring to *Thomas v. State, supra,* determined and held that the indictment need only allege "harm" without any further elaboration or further pleading of evidentiary matters; and hence, affirmed the judgment of the trial court. Harm is sufficient; hence, bodily injury is sufficient; no further elaboration is needed. *Fisher, supra,* at 832. Here, of course, this accused has clear and adequate notice because the State has alleged the means by which the bodily injury occurred. TEX.PENAL CODE ANN. § 6.03(c) (Vernon 1974) distinctly defines the concept of recklessly; section 6.03(c), additionally defines the culpable, mental state. The indictment also alleges "intentionally" and "knowingly". Section 6.03 defines these terms. Here the indictment sets out with more than reasonable certainty the act or acts relied upon to constitute recklessness. The State has complied with TEX.CODE CRIM.PROC.ANN. art. 21.15 (Vernon 1989).

A prudent, professional and careful prosecutor is faced with such holdings as *Weaver v. State,* 551 S.W.2d 419 (Tex.Crim.App. 1977). There the opinion stated that there was a fatal variance as to the indictment allegations and the proof. The indictment alleged that a "Ruger" automatic pistol was used to threaten the complainant but the proof showed a "Luger" pistol. The opinion held that it is well-settled that any allegations not essential to constitute the offense may be entirely omitted without detriment to the indictment. However, if non-essential allegations are pleaded they must be proved as alleged. The opinion set out that since the allegation read "Ruger" instead of "Luger" that a fatal variance occurred. A decisive, crucial sentence

reads: "There being a fatal variance between the allegations and the proof, the conviction cannot stand."

The indictment in this case is sufficient. We reverse the judgment of the trial court and remand for trial on the merits.

REVERSED AND REMANDED.

BURGESS, Justice, dissenting.

I respectfully dissent. While the majority cites both *State v. Carter,* 810 S.W.2d 197 (Tex.Crim.App.1991) and *Thomas v. State,* 621 S.W.2d 158 (Tex.Crim.App.1981) (opinion on rehearing), their major reliance is upon *Thomas.* The court in *Carter* recognized the previous rule of *Thomas* and held: "Under the constitutional guarantee of adequate notice, a defendant may not 'be left to guess or assume that the State [is] going to prove one or all the types of [statutorily-defined] conduct.' [citation omitted] It is important to note, however, that consistent with these principles, the State may specifically allege, in the conjunctive or disjunctive, *any* or *all* of the statutorily-defined types of conduct regarding an offense. *Id.* Such a charging instrument still puts a defendant on clear notice of what the State will attempt to prove at trial."[1] 810 S.W.2d at 199.

In *Gibbons v. State,* 652 S.W.2d 413, 415 (Tex.Crim.App.1983), the court held: "Where an indictment contains a necessary allegation of an act by the accused which comprises more than one *statutorily defined* means of its performance, ... but the indictment fails to specify which of the statutory definitions of the act is relied upon, the indictment is subject to a motion to quash." (Emphasis theirs.) *See also Geter v. State,* 779 S.W.2d 403 (Tex.Crim. App.1989).

The indictment read, in pertinent part: "... did then and there intentionally, knowingly, and recklessly cause bodily injury to DENNIS KENNEDY by striking him on and about his face with feet, fists, hands and with an object unknown to the Grand Jury."

---

1. See Presiding Judge McCormick's dissent in *Carter,* 810 S.W.2d at 200.

Marek's motion to quash the indictment alleged as grounds:

1. The penal code defines bodily injury in a number of ways. This indictment fails to specify which of the ways of committing bodily injury was accomplished in this case. Therefore, the indictment fails to give specific notice of the type of injury and it should be set aside.

2. The indictment alleges that the acts were caused recklessly. Therefore, complete notice of manner and means should be given. The indictment fails to do so. Therefore, the indictment should be quashed.

The trial court held Marek was entitled to notice as to which type of bodily injury the state would seek to prove at trial.[2] Our sole task is to determine whether the court abused its discretion in this ruling. The court obviously felt, as in *Carter*, 810 S.W.2d at 197, in *the face of a motion to quash*, the indictment was insufficient. I find no abuse of discretion in the trial court following the majority opinion in *Carter*, rather than the dissenting opinion. The order quashing the indictment should be affirmed.

---

**2.** Why the state did not simply amend the indictment to allege all the types of bodily injury *is unknown. That action would have conserved a tremendous amount of legal time and energy.*

The case could have been tried on its merits and an ordinary appeal taken in the time elapsed in taking this appeal.