Criminal Case Template












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



TERRY R. WOODLEY,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-00-00470-CR


Appeal from the


243rd District Court


of El Paso County, Texas


(TC# 990D05547)



M E M O R A N D U M O P I N I O N



 This is an appeal from a jury conviction for the offense of securing the execution of
a document with the value of the pecuniary interest affected being more than $20,000 but less
than $100,000. The jury assessed punishment at two (2) years' community supervision. We
affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 During the presentation of the State's evidence, Maria Theresa C. Rivera testified that
she was the Civil Supervisor for the El Paso County District Clerk's Office. Prior to
testifying, she had reviewed the clerk's file in a case styled Terry R. Woodley v. David W.
Lewis Construction, Inc. She related that Appellant had filed the original petition in the case
on February 3, 1995. He was represented by an attorney named Marcus C. Marsden. The
defendant, David W. Lewis Construction, Inc., was represented by attorney John W. Welsh,
Jr. Rivera stated that a judgment in that cause was filed on August 5, 1996. The judgment
had been signed on the same day by Judge Peter Peca. It was an agreed judgment which
indicated that Appellant was to recover $65,000 from "DEFENDANT DAVID W. LEWIS
CONSTRUCTION, INC. or SIWEL IND." 

 Rivera testified that on August 13, 1996, Appellant filed a request for a writ of
execution. Both David W. Lewis and Siwel Industries were listed as defendants on the
request. A writ of execution issued on August 20, 1996 directing the Sheriff to seize
property from "DAVID W. LEWIS AND/OR SIWEL INDUSTRIES" in the amount of
$65,000. The witness related that the writ was returned unexecuted on October 7, 1996,
because the attorney, John W. Welsh, Jr., had obtained a temporary restraining order which
prevented the Sheriff from seizing the assets of Siwel Industries. 

 John W. Welsh, Jr. testified that he had represented the defendant, David W. Lewis
Construction, Inc., in the civil suit. Welsh testified that the parties came to an agreement
whereby Appellant would receive $35,000 from David W. Lewis Construction, Inc. The
agreed judgment was signed by Welch and David Lewis who signed as a representative of
David W. Lewis Construction, Inc. Lewis was the sole shareholder of that corporation. The

judgment was delivered to Appellant's attorney, Marcus C. Marsden, to be signed and then
presented to the judge for his signature. 

 Welsh testified that after he sent the judgment to Marsden, Hardy Lewis, David
Lewis's father and the owner of Siwel Industries, called Welsh and told him that a Sheriff's
officer was attempting to serve a writ of execution upon Siwel Industries. The Sheriff's
department intended to seize Hardy Lewis's assets to satisfy a judgment for $65,000 against
Siwel Industries. Welsh related that Siwel Industries is a sole-proprietorship owned by
Hardy Lewis, and that Hardy Lewis had never been a party to Appellant's suit against David
W. Lewis Construction, Inc. Accordingly, Hardy Lewis had no liability with regard to that
suit. 

 Welsh stated that the judgment had been altered by adding Siwel Industries as an
additional defendant. Also, the monetary award had been changed from $35,000 to $65,000. 
Welsh obtained a temporary restraining order from Judge Peca in order to halt the execution
of the writ. He testified that at the hearing on the temporary restraining order, Appellant
admitted that he had altered the judgment by adding Siwel Industries as a new party and by
changing the monetary award to $65,000. 

 Welsh related that Appellant contacted him by telephone prior to the issuance of the
writ of execution. In response to Appellant's inquiry as to when he would receive the money
awarded in the agreed judgment, Welsh stated that Appellant was bothering him and wasting

his time. Welsh declined to discuss the case with Appellant, although he did state that he had
advised David Lewis to seek the services of a bankruptcy attorney. 


 Marcus C. Marsden Jr. testified that he represented Appellant in his lawsuit against
David W. Lewis Construction, Inc. and he negotiated the agreed settlement awarding
Appellant $35,000. He stated that Welsh and Lewis signed the agreed judgment and returned
it to Marsden. In preparation for his relocation to Fort Worth, Texas, Marsden delivered the
case file to Appellant. This file contained the signed judgment which had not been presented
to Judge Peca for his approval and signature. 

 Marsden stated that Welsh told him that someone had changed the judgment to read
that the award was $65,000 and Siwel Industries had been added as a new party. Marsden
notified Judge Peca by letter that the judgment had been altered. He informed Judge Peca
that a different font had been used on the altered first page of the judgment. 

 Hardy Wilson Lewis testified that he owned a construction business known as Siwel
Industries. He stated that the business is a sole proprietorship, and he would be personally
responsible for any judgment taken against the company. When the Sheriff's department
tried to serve the writ of execution, Lewis became aware that Siwel Industries had been
added to the agreed judgment. The witness stated that his company was not properly added
to the judgment and that he had done nothing to give Appellant the impression that he was
involved in the business affairs of his son's company, David W. Lewis Construction, Inc. 

 Lewis stated that he incurred expenditures of between $7,000 and $7,500 in defending
against Appellant's act of adding Siwel Industries to the judgment and the writ of execution. 
He testified that he would have suffered more than $65,000 in damages if the altered
judgment had been executed against Siwel Industries. Lewis filed a counter claim against
Appellant and was awarded the sum of two cents by Judge Peca. 

 Appellant testified on his own behalf. He stated that he did change the amount on the
judgment from $35,000 to $65,000. He made this change as a result of two telephone
conversations he had with John Welsh in 1996. He called Welsh to find out when he would
receive the $35,000. Appellant related that Welsh told him that he would not ever see the
money. Appellant told Welsh that the negotiated settlement was off and that he was going
to reinstate the original request for $70,000. Welsh replied that it made no difference to him
and Appellant could request any amount he wanted. In response to Appellant's statement
that "I assume you'll agree with this.", Welsh purportedly answered, "Do what you like." 

 Appellant testified that he altered the monetary award to $65,000 instead of $70,000
because he thought Welsh would be more appreciative. He admitted adding Siwel Industries
as a new defendant because he no longer wished to deal with David Lewis and Appellant
thought Hardy Lewis should be responsible for his son's debts as he was his son's mentor
in the construction business. Further, he considered that both Hardy Lewis and his son ran
Siwel Industries. Appellant stated that he did not intend to defraud anyone when he altered
the judgment and gave it to Judge Peca for signing. 

 During cross-examination, Appellant admitted that he altered the judgment by having
a friend type a new front page. He then attached the new front page to the back page that had
already been signed by both attorneys and David Lewis. When he took the altered page to
Judge Peca for signing, he did not tell him that the front page was altered; rather, he stated
to Peca that he was following Welsh's instructions. Judge Peca signed the altered agreed
judgment and Appellant filed it with the district clerk. Appellant testified that it was his
intent to obtain the full amount of the judgment from either David Lewis or Hardy Lewis or
in fractional amounts from both.

 The sum of Appellant's testimony was that he had Welsh's permission to change the
judgment and that he did not understand the ramifications of requesting a writ of execution;
although, he did state that he was trying to collect the money from both David and Hardy
Lewis. 

II. DISCUSSION


 In Appellant's sole issue on appeal, he asserts that the evidence is legally insufficient
to support the conviction. In reviewing the legal sufficiency of the evidence, we are
constrained to view the evidence in the light most favorable to the judgment to determine
whether any rational trier of fact could find the essential elements of the offense, as alleged
in the application paragraph of the charge to the jury, beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d
234, 239 (Tex. Crim. App. 1989); Humason v. State, 728 S.W.2d 363, 366 (Tex. Crim. App.
1987). More particularly, sufficiency of the evidence should be measured by the elements
of the offense as defined by the hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997).

 Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex. App.--El
Paso 1992, pet. ref'd). We do not resolve any conflict in fact, weigh any evidence or evaluate
the credibility of any witnesses, and thus, the fact-finding results of a criminal jury trial are
given great deference. Menchaca v. State ,901 S.W.2d 640, 650-52 (Tex. App.--El Paso
1995, pet. ref'd); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson
v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991); Leyva v. State, 840 S.W.2d 757, 759
(Tex. App.--El Paso 1992, pet. ref'd); Bennett v. State, 831 S.W.2d 20, 22 (Tex. App.--El
Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit and implicit
findings of the trier of fact are rational by viewing all the evidence admitted at trial in the
light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing, we resolve
any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at 843,
(quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)). The trier of fact,
not the appellate court, is free to accept or reject all or any portion of any witness's testimony. 
Belton v. State, 900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref'd). 

 The application paragraph in the court's charge to the jury read:

 Now if you find from the evidence beyond a reasonable doubt that on or about
August 5, 1996, in El Paso County, Texas, the defendant, TERRY
WOODLEY, did then and there, with intent to harm and defraud Hardy Lewis,
by deception, intentionally or knowingly cause Judge Peter Peca to sign and
execute a document affecting the pecuniary interest of Hardy Lewis, to wit: a
civil judgment, the value of said pecuniary interest being $20,000 or more but
less than $100,000, then you will find the defendant guilty.


 Unless you so find beyond a reasonable doubt, or if you have a reasonable
doubt thereof, you will acquit the defendant. 


 Appellant's specific complaints regarding the legal sufficiency of the evidence are that
the State did not prove that Appellant acted with intent to harm or defraud the complainant;
the State failed to prove that Appellant utilized deception in causing Judge Peca to sign the
altered judgment, and the State failed to demonstrate that the amount of the pecuniary interest
involved was at least $20,000.

 With regard to the first contention, Appellant asserts that the evidence showed that
Appellant believed he had permission to change the judgment due to attorney Welsh's
statements during the telephone calls as well as the fact that the civil defendant had not
complied with the earlier agreed judgment. 

 The intent to harm or defraud another can be inferred from the acts, words, and the
conduct of the accused. Goldstein v. State, 803 S.W.2d 777, 791 (Tex. App.--Dallas 1991,
pet. ref'd). Specifically, with regard to the offense of securing execution of a document by
deception (1), the proof of "intent to defraud and harm" is a question of fact to be determined
from all the facts and circumstances. Id. 

 The evidence regarding the conversations between Appellant and Welsh was
conflicting. While Welsh stated that he had a telephone conversation with Appellant, his
testimony indicated that he had refused to discuss the case with Appellant. Appellant, on the
other hand, related a version of the telephone conversation wherein Welsh gave Appellant
the impression that he could change the judgment. However, in viewing the evidence in a
light most favorable to the judgment, and taking into account that the jury is free to accept
or reject all or any portion of any witness's testimony, we find that the jury could rationally
conclude that Welsh did not give such an impression. Appellant altered the judgment so that
it reflected a monetary reward of $65,000 and he added Siwel Industries as a defendant. 
However, if the jury chose to believe Welsh's version of events, then Appellant could not
have perceived such an agreement. 

 Next, Appellant asserts that the State failed to adequately demonstrate that Appellant
utilized deception in order to get Judge Peca to sign the altered judgment. Again, Appellant
asserts that his understanding of the conversation with Welsh negated any aspect of deceptive
conduct. While Section 32.46 of the penal code fails to define "deception", we may look to
other sections of the penal code for guidance. Goldstein, 803 S.W.2d at 790. "Deception,"
as defined in Chapter 31 of the penal code means creating or confirming by words or conduct
a false impression of law or fact that is likely to affect the judgment of another in the
transaction, and that the actor does not believe to be true. Tex. Pen. Code Ann. § 31.01
(1)(A) (Vernon Supp. 2003).


 As stated, there was contradictory evidence before the jury regarding the phone
conversations between Welsh and Appellant. However, the mere existence of contradictory
evidence does not destroy the sufficiency of the evidence. Goldstein, 803 S.W.2d at 790. 
Again, the trier of fact is the sole judge of the weight and credibility of the witnesses and may
believe or disbelieve all or any part of any witness' testimony. Id. at 790-91. 

 In the instant case, Appellant testified that he presented the altered judgment to Judge
Peca and stated that he ". . . had talked to Mr. Welsh and this is what he instructed me to do
. . . . " Appellant did not tell the judge that he had altered the judgment. Even if the jury
believed that Appellant had the impression he could alter the judgment, the fact that he failed
to state to the judge could be viewed as disingenuous and deceptive. Further, there is no
evidence that Welsh or Hardy Lewis agreed to have Siwel Industries added as an additional
defendant. Viewing the cumulative force of all the incriminating circumstances we find that
there was legally sufficient evidence to demonstrate that Appellant acted with deception. 

 Lastly, Appellant contends that the State failed to sufficiently establish a pecuniary
loss greater than $20,000 as required in the court's charge to the jury. Appellant predicates
this contention on the testimony of Hardy Lewis that he spent between $7,000 and $7,500
to defend himself against the altered judgment which had added Hardy's company to the
lawsuit. Appellant also points to the fact that Judge Peca awarded only two cents in Hardy's
counterclaim against Appellant in support of his contention that the State did not establish
the requisite pecuniary loss. 


 As the term "pecuniary interest" is not defined under Section 32.46, it is to be given
its plain and ordinary meaning. Briones v. State, 76 S.W.3d 591, 595 (Tex. App.--Corpus
Christi 2002, no pet.); Goldstein, 803 S.W.2d at 791. Using the dictionary and thesaurus for
assistance, the Goldstein Court held that the pecuniary interest requirement under Section
32.46 was met if the complainant had a "financial stake" in the matter. Goldstein, 803
S.W.2d at 791. This comports with the legal definition of pecuniary interest which defines
"pecuniary" as something relating to money or financial matters and defines "pecuniary
interest" as a direct interest related to money in an action or case. Black's Law Dictionary
1095 (5th Ed. 1979). 

 The State maintains that Appellant has equated "pecuniary interest" with "pecuniary
loss." We agree. By the terms of the statute, the offense is completed when a person causes
another to execute a document "with the intent to defraud or harm . . . ." There is no
requirement that the state prove the resulting harm. Smith v. State, 681 S.W.2d 71, 75-6
(Tex. App.--Houston [14th Dist.] 1983), affirmed, 722 S.W.2d 408 (Tex. Crim. App. 1986),
cert. denied, 480 U.S. 933, 107 S.Ct. 1573, 94 L.Ed.2d 765 (1987). 

 In Fisher v. State, 803 S.W.2d 828 (Tex. App.--Dallas 1991, pet. ref'd), the defendant
was an out-of-state attorney, not licensed to practice in Texas. Id. at 829. The attorney filed
a lawsuit by signing the name of a co-worker who was licensed to practice in Texas, used her
bar number, and requested the issuance of citation upon the complainant, the civil defendant. 
Id. at 829-30. The issue was whether the execution of the citation by the clerk which made
the complainant, as the defendant in the lawsuit, potentially liable for monetary damages
affected the pecuniary interest of the complainant. The court held the evidence was
sufficient because were it not for the execution of the citation, the complainant's affirmative
limitations defense would have acted as a complete bar to liability. Id. at 830. Denying the
complainant that defense would affect her pecuniary interest by subjecting her to potential
liability. Id.

 In the present case, it is clear that Appellant was prepared to collect the full monetary
amount of the altered judgment either Hardy Lewis or David Lewis. Appellant's actions
made Hardy Lewis potentially liable for the whole $65,000 amount in the judgment. 
Accordingly, the State proved that the pecuniary interest involved was more than $20,000
but less than $100,000. Appellant's issue on appeal is overruled.

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

February 27, 2003


 
 RICHARD BARAJAS, Chief Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. Tex. Pen. Code Ann. § 32.46(a)(1) (Vernon Supp. 2003), Securing Execution of Document by
Deception, provides:


 (a) A person commits an offense if, with intent to defraud or harm any person,
he, by deception:


 (1) causes another to sign or execute any document affecting
property or service or the pecuniary interest of any person.