AFFIRM; Opinion Filed October 10, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-10-01350-CR

## GREGORY EDWARD ROBERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 3
Collin County, Texas
Trial Court Cause No. 003-89702-09**

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice Lang-Miers

Gregory Edward Roberson pleaded not guilty to the misdemeanor charge of driving while intoxicated. A jury found him guilty and the trial court assessed punishment at 90 days' confinement in the county jail and a fine of $750. On appeal, appellant argues that the evidence is insufficient to support the conviction and the State violated his constitutional and statutory rights by commenting on his failure to testify. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled. We affirm the trial court's judgment.

BACKGROUND

In November 2009, Plano police officer Russell Harris was on traffic patrol on Legacy Drive near US 75 in Plano. About 3:30 a.m. he noticed a BMW that was "oddly" parked at the gas station across the street. The car was not parked at a gas pump or in a parking space; it was parked in the driving area of the station behind a properly parked car. The officer observed the car for about ten minutes and then drove over to the gas station. One of the station clerks came out and told the officer that the car "was making him uneasy" and that it had been "parked there for quite some time."

Officer Harris testified that the car's engine, running lights, and air conditioner were on. He said he saw two people inside "that were either passed out or asleep"—a male in the driver's seat (later identified as appellant) and a female passenger. He tried to get a closer look inside the car, but the front windshield was fogged up and the side windows "were blacked out with tint." He knocked on the windows several times but did not get a response. He called for a second unit as back up.

When the second unit arrived, Officer Harris turned on the video camera in his police car[1] and approached the BMW again. He opened the driver's door and shook appellant to get his attention and to see if he was okay. Appellant "revive[d]" "eventually" and the officer asked to see appellant's driver's license. Instead of reaching for his driver's license, appellant "play[ed] with his lights on the vehicle." The video of the encounter showed the left turn indicator blinking, then the right, and then the left again, and the officer said, "Your lights are on." Appellant fumbled through his wallet and handed the officer a credit card instead of his driver's license.

Officer Harris asked appellant to turn off the engine and get out of the car; appellant complied. On the video the officer told appellant that he "wreak[ed]" of alcohol. In response to the officer's questions about the events of that night, appellant said he had two beers and was driving

---

[1] The video of the encounter with appellant at the gas station is marked as State's Exhibit 3 in the appellate record, but it was offered into evidence as State's Exhibit 2. It is clear that these exhibits refer to the same video evidence, and the parties do not argue otherwise.

his girlfriend home from a bar in Dallas. He said he had "just pulled over [and that he had] only been here for a few minutes." At some point, appellant changed his account and said he had two "Crown and cokes," and later changed again and said he had two beers. He also said his girlfriend had been driving the car, not him. Officer Harris administered field sobriety tests and arrested appellant for driving while intoxicated.

## SUFFICIENCY OF THE EVIDENCE

In issue one, appellant argues that the evidence is insufficient to support the conviction. When an appellant challenges the sufficiency of the evidence to support a conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id.* If the evidence is conflicting, we "'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to that determination." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). This standard is the same for both direct and circumstantial evidence. *Id.*

A person commits the offense of driving while intoxicated if the person was intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04 (West Supp. 2012). Appellant does not challenge the evidence that he was intoxicated in a public place; he challenges only whether the State proved he operated a motor vehicle. He concedes he initially told the officer that he was driving the car. But he argues that his confession was not corroborated and no rational jury could have found he operated the car because there was no evidence anyone saw him drive the car into the gas station, that he shifted the car into gear, that the lights were on, how long the car had been parked at the gas station, or whether anyone else entered or exited the car.

The word "operating" is not defined in the penal code, but case law instructs that "'operate' is a common term that has not acquired a technical meaning and may be interpreted according to its common usage." *Kirsch v. State*, 357 S.W.3d 645, 650 (Tex. Crim. App. 2012). "Operate" means when "the totality of the circumstances . . . demonstrate[s] that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995); *accord Abraham v. State*, 330 S.W.3d 326, 331 (Tex. App.—Dallas 2009, pet. dism'd). A defendant does not have to cause the vehicle to move or not move to operate it. *See Denton*, 911 S.W.2d at 389; *Barton v. State*, 882 S.W.2d 456, 459 (Tex. App.—Dallas 1994, no pet.).

The totality of the circumstances in this case demonstrates that appellant took action to affect the functioning of his vehicle in a manner that would enable its use. Appellant was sitting in the driver's seat, the engine was on, the car was parked in the open area where people drive and behind a properly parked car, and appellant told the officer that he was driving his girlfriend home. Additionally, in the video the officer told appellant that his lights were on, and the video showed the car's tail lights were on and the rear blinkers were going on and off as the officer was talking to appellant. Viewing the evidence and inferences therefrom in the light most favorable to the jury's verdict, we conclude that the jury could rationally find, beyond a reasonable doubt, that appellant operated the car. *See Denton*, 911 S.W.2d at 389–90; *see also Schragin v. State*, No. 02-10-00510-CR, 2012 WL 3501320, at *1–2, 4–6 (Tex. App.—Fort Worth Aug. 16, 2012, no pet. h.) (finding defendant operated vehicle under circumstances showing car legally parked for about 90 minutes without moving, engine running, lights on, male slumped over in driver's seat asleep with seat belt on). We resolve issue one against appellant.

## REMARKS IN STATE'S CLOSING ARGUMENT

In issue two, appellant argues that the State violated his constitutional and statutory rights during its closing argument by commenting on his failure to testify.

Proper jury argument generally falls within one of four areas: summation of the evidence, reasonable deductions from the evidence, responses to argument of opposing counsel, and pleas for law enforcement. *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010). We examine the challenged argument from the jury's perspective and determine whether it was "manifestly intended or of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify." *Banks v. State*, 643 S.W.2d 129, 134 (Tex. Crim. App. 1982). A statement is improper "[i]f the remark called the jury's attention to the absence of evidence that only the testimony of the defendant could supply[.]" *Id.* It is not improper, however, if "the language might be construed as an implied or indirect allusion" or refers to an appellant's failure to produce evidence other than his own testimony. *Id.* at 134–35; *accord Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995). "[A] party may always comment on the fact that the opponent failed to call an available witness and then argue 'Don't you know, if Mr. X had anything favorable to say, my opponent would have called him.'" *Pope v. State*, 207 S.W.3d 352, 365 & n.51 (Tex. Crim. App. 2006).

To give this issue context, we begin by describing the parties' closing arguments. The State argued that there was no evidence to contradict appellant's initial statement to Officer Harris that appellant was driving the car. The State argued that if appellant's girlfriend had been driving, as appellant later claimed, appellant would have subpoenaed her to testify that she was the driver.

Appellant responded that the State could have called the girlfriend or the gas station clerk to testify about who was driving, but the State "didn't do that." He argued, "Oh, the burden never shifts to us, but why didn't we bring this witness[?] . . . So why didn't [the State] bring her? If she was

going to say, he was driving, why didn't they bring her? And they didn't bring her to you." Appellant argued that the State's failure to call those witnesses to testify that he was driving raised a reasonable doubt about whether he operated the car that night.

In its rebuttal argument, the State made the following comments; appellant contends the italicized portion of the argument was a direct comment on his failure to testify:

> And then when he realizes what happened, he realizes, oh, man, I'm going to jail, he blames it on his passed out girlfriend in the passenger seat, oh, look she just drove here and it's her fault. Let me tell you what, we looked for that girl and she -- [defense objection sustained] *Only one person knows where that girl is, and that's her boyfriend.*

The State made the challenged remark three more times, and each time appellant objected on a different basis.[2] Appellant contends that the challenged "statement clearly said the [appellant] was the only person who could supply information on the whereabouts of his girlfriend. It was not a comment on the failure to produce evidence." Assuming that appellant's argument on appeal was preserved, we conclude that the remark was not improper.

Appellant's contradictory statements about whether he was driving the car that night were in evidence. The parties' closing arguments were attempts to persuade the jury that if the girlfriend's testimony would have helped the other side, that party would have called her as a witness. Viewed in context and from the jury's perspective, the remark was an indirect argument that appellant's failure to call the girlfriend as a witness supported the inference that the girlfriend's testimony would not have helped him. *See Pope*, 207 S.W.3d at 365 & n.51; *Fisher v. State*, 803 S.W.2d 828, 832 (Tex. App.—Dallas 1991, pet. ref'd) (the State may properly ask jury to infer that defendant did not call witness because witness's testimony would have harmed defendant). Additionally, the jury could have rationally construed the remark as a fair response to appellant's argument asking the jury to

---

[2] Appellant raises only one of those bases on appeal.

consider why the State did not call the girlfriend as a witness. *See United States v. Robinson*, 485 U.S. 25, 33–34 (1988); *Randolph v. State*, 353 S.W.3d 887, 892–93 (Tex. Crim. App. 2011). The State attempted to respond to that argument by stating that it had tried to find the girlfriend but only appellant knew where she was.

Viewed from the jury's perspective, we conclude that the remark was not "manifestly intended or of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify." *Banks*, 643 S.W.2d at 134; *see Pope*, 207 S.W.3d at 365; *Patrick*, 906 S.W.2d at 490–91; *Fisher*, 803 S.W.2d at 832. And it was a fair response to appellant's argument. *See Robinson*, 485 U.S. at 33–34; *Randolph*, 353 S.W.3d at 892–93. Consequently, the argument was not improper. We resolve issue two against appellant.

## CONCLUSION

We affirm the trial court's judgment.

_____
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
101350F.U05

–7–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GREGORY EDWARD ROBERSON,
Appellant

No. 05-10-01350-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law No. 3
of Collin County, Texas. (Tr.Ct.No. 003-
89702-09).
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and FitzGerald
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 10, 2012.

ELIZABETH LANG-MIERS
JUSTICE