James Ray CLAYTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–88–0133–CR.

Court of Appeals of Texas, Amarillo.

March 16, 1989.

Richard Wardroup, Price, Ogan & Wardroup, PC, Lubbock, for appellant.

Michael West, Asst. Criminal Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

A jury convicted appellant James Ray Clayton of burglary of a habitation with intent to commit sexual assault and, finding the indictment's enhancement allegations of appellant's two prior felony convictions were "true," the jury assessed appellant's punishment at confinement for life. Overruling his single contention that, in effect, the State's improper jury argument requires reversal, we affirm.

Although appellant proposes that there were mitigating circumstances concerning the primary offense for which he was convicted, he does not challenge the State's evidence that he broke into the complainant's residence and made a sexual assault upon her. Therefore, it is unnecessary to record the details of the primary offense.

During the trial, appellant was asked whether, and admitted that, he previously had been convicted of rape, kidnapping, possession of marihuana, and burglary of a habitation. Pen packets introduced into evidence revealed that appellant had twelve prior convictions.

Since appellant had been finally convicted of two felony offenses prior to the primary offense, the range of his punishment was confinement "for life, or for any term of not more than 99 years or less than 25 years." Tex. Penal Code Ann. § 12.42(d) (Vernon Supp.1989). In the midst of appellant's argument during the punishment phase of the trial, an appeal was made for the jury to assess his punishment at the 25-year minimum.

Answering the argument, the prosecutor suggested that 25 years "is a joke," and then stated:

And on top of that, you have his criminal history, his past pattern of behavior. And you judge for yourself if you give him 25 years, how quick he will be back out on the streets doing the same thing again.

Appellant's objection that the prosecutor was asking the jury to consider the possible actions of the Board of Pardons and Paroles and how long he would serve on a 25 year sentence was overruled.

The ruling of the court is the subject of appellant's single point of error. By it, he contends that the court erred in allowing the argument, which he characterizes as manifestly improper or as injecting new and harmful facts into evidence. *See, e.g., Kerns v. State,* 550 S.W.2d 91, 96 (Tex.Cr. App.1977). To the contrary, the State submits that its argument was proper as both a plea for law enforcement and an answer to appellant's appeal for the minimum sentence.

■ At the outset, it must be accepted that the prosecutor's reference to "how quick he will be back out on the streets doing the same thing again," was an improper argument about parole possibilities, *McKay v. State,* 707 S.W.2d 23, 38 (Tex.Cr. App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986), and, as such, it exceeded the bounds of a permissible argument for law enforcement. *Clark v. State,* 643 S.W.2d 723, 724 (Tex.Cr.App. 1982). Consequently, the court erred by overruling the objection to the improper argument. *Todd v. State,* 598 S.W.2d 286, 297 (Tex.Cr.App.1980).

Nevertheless, not every improper jury argument constitutes reversible error. An improper argument will constitute reversible error only if it, when examined in light

of the entire record, is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceedings. *McKay v. State*, 707 S.W.2d at 38.

The instant argument, referenced to appellant's appeal for a minimum sentence, was not extreme and, even after the objection was overruled, was not repeated. Indeed, the argument, being voiced immediately after the court had charged the jury not to discuss or consider the possible actions of the Board of Pardons and Paroles or how long appellant will be required to serve the punishment assessed, would appear, in the light of the entire arguments, innocuous but for appellant's classification of it in front of the jury.

■ Still, accepting that in context the argument injected new facts of parole possibilities into the trial proceedings, reversal would not result unless the argument was harmful to appellant. The issue of harm is dependent upon the particular facts of the case and is resolved according to the probable effect the argument had upon the minds of the jurors. Under a harm analysis of an improper argument, the determinant is whether an examination of the total facts leads to a conclusion beyond a reasonable doubt that the argument did not contribute to the punishment verdict. *Montoya v. State*, 744 S.W.2d 15, 38 (Tex.Cr.App. 1987), *cert. denied*, — U.S. —, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988).

Although the jury assessed the maximum punishment, the jury was authorized to do so on the basis of appellant's two prior felony convictions alleged in the indictment, even if appellant's ten other convictions were not considered. Moreover, the totality of the evidence before the jury established a pattern of lawlessness by appellant, and manifested that lesser punishments assessed for his prior crimes had not diminished his proclivity for committing criminal acts.

■ Beyond that, the jury had before it during its deliberations the court's written charge, by which, as previously noted, the court admonished the jury not to discuss or consider the possible actions of the Board

of Pardons and Paroles or how long appellant will be required to serve the punishment the jury assessed. Absent any indication to the contrary, we presume that the jury followed the court's written instructions and did not discuss or consider parole in assessing appellant's punishment. *Rose v. State*, 752 S.W.2d 529, 554 (Tex.Cr.App. 1988) (opinion on rehearing).

Then, on balance, we conclude beyond a reasonable doubt that the improper argument did not contribute to the jury's punishment verdict. Tex.R.App.P. 81(b)(2). Our conclusion is strengthened by the actuality that other improper arguments containing references to parole possibilities have been found not to constitute reversible error in prosecutions lacking the repeated criminal activity depicted in this record. *See, e.g., McKay v. State*, 707 S.W.2d at 38; *Franklin v. State*, 693 S.W.2d 420, 429 (Tex.Cr.App.1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986); *Pringle v. State*, 511 S.W.2d 35, 36 (Tex.Cr.App.1974). Appellant's point of error is overruled.

The judgment is affirmed.