

# IN THE
# TENTH COURT OF APPEALS

No. 10-10-00023-CR
No. 10-10-00024-CR

**CHRISTOPHER LEAVELE PATT,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court Nos. 09-02307-CRF-85 and 09-02308-CRF-85

## MEMORANDUM OPINION

Christopher Leavele Patt appeals from his convictions for three counts of aggravated robbery and one count of evading arrest in a motor vehicle. TEX. PEN. CODE ANN. §§ 29.03 & 38.04 (Vernon Supp. 2009). Patt was convicted by a jury but the trial court determined his punishment. Patt was sentenced to imprisonment for fifty (50) years on each of the aggravated robbery counts and ten (10) years on the evading arrest charge. Patt complains that the trial court erred in the admission of expert testimony regarding dog tracking, there was jury charge error, and the evidence is insufficient to

sustain his conviction absent the accomplice testimony. Because we find no reversible error, we affirm the judgments of the trial court.

*Admission of Evidence*

Patt complains that the trial court erred in admitting expert testimony regarding the dog tracking procedure that was used during his apprehension for the instant offenses. Specifically, Patt complains that the trial court erred by refusing to consider the qualifications or reliability of the dog before ruling on the admissibility of the testimony of the dog's handler and the dog and handler's trainer.

We review the admission of evidence under an abuse of discretion standard. We will only find that the trial court abused its discretion if the trial court acted without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

The dog in question, Kohn, was new to the police department at the time of the offenses. Kohn is a Belgian Malinois, which is a common police dog breed known for its sense of smell. Kohn and his handler, Hanks, had completed a 640 hour training course together, and Kohn became certified as a dog tracker in fresh ground disturbance. During that training, Kohn had completed 58 training tracks and had proven reliable in those tracks. The tracking procedure was the dog's third attempt at an actual track. The dog's two prior tracking attempts were unsuccessful, likely due to human error. At least two subsequent tracking incidents were unsuccessful. Kohn was taken to a spot near to where a jacket had previously been located. Kohn found a track of fresh ground disturbance and followed it, with Hanks and Swartzlander, the canine

supervisor for the police department, behind him. While following Kohn, Swartzlander spotted Patt attempting to hide approximately thirty yards from the jacket, lying on the ground with his feet sticking out from underneath a building. At the time Patt was located, Kohn was approximately ten yards away, ostensibly still following a track. When he was apprehended, Patt did not have on a shirt, but had on dark pants and other items of clothing that were later connected by a videotape of the robbery to Patt.

Assuming without deciding that the expert testimony relating to the tracking procedures was erroneously admitted, we determine if the error is harmless. When determining harm from a non-constitutional error, we must disregard the error unless it affects Patt's substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Substantial rights are not affected by the erroneous admission of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

The testimony was given to assist the jury in understanding the process of using a dog to track fresh ground disturbance; however, Patt was located within a reasonably short distance of where the jacket was located. A hat and cell phone displaying the words "C#r!$" and "@k@ cp" were located with the jacket. No expert opinion was given as to anything other than the reliability of the track itself. The type of tracking employed is not used to determine human scent and no attempt was made to connect

Patt with the tracking by scent. Patt's accomplice had been arrested after they had attempted to evade arrest, and he named Patt as his accomplice. We have "a fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla*, 78 S.W.3d at 355. We overrule issue one.

### Jury Charge Error

Patt complains that the trial court erred in failing to submit an instruction that his accomplice, Ryan Bisor, was an accomplice as a matter of law. The trial court submitted an instruction that sought a jury finding as to whether Bisor was an accomplice. Patt did not object to the charge on this basis.

Because there was no objection made to the charge by Patt, we must first determine whether the charge as submitted to the jury was erroneous and if so, we must then analyze this complaint utilizing the standard of *Almanza v. State*. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) (*citing Olivas v. State*, 202 S.W.3d 137, 143-44 (Tex. Crim. App. 2006), *citing Almanza*, 686 S.W.2d 157 (Tex. Crim. App. 1985)). Under *Almanza*, unobjected-to jury charge error will not result in reversal of a conviction in the absence of "egregious harm." *Almanza,* 686 S.W.2d at 171.

In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas*, 202 S.W.3d at 144. Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*,

218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

*Accomplice Testimony*

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005). An accomplice is a person who participates before, during, or after the commission of the crime and can be prosecuted for the same offense as the defendant or for a lesser-included offense. *Medina v. State*, 7 S.W.3d 633, 641 (Tex. Crim. App. 1998). A defendant is entitled to an accomplice witness instruction if and only if "there is sufficient evidence in the record to support a charge against the witness alleged to be an accomplice." *Id*. (*quoting Blake v. State*, 971 S.W.2d 451, 455 (Tex. Crim. App. 1998)). Here, Bisor was also charged with aggravated robbery and evading arrest and, therefore, was an accomplice as a matter of law. *See Kerns v. State*, 550 S.W.2d 91, 94 (Tex. Crim. App. 1977).

The record before us shows the trial court failed to instruct the jury that as a matter of law Bisor's testimony had to be corroborated by other evidence tending to connect Patt to the crime. The instruction as worded gave the jury the ability to determine if they believed that Bisor was an accomplice beyond a reasonable doubt and if so, only then was the jury required to find that other evidence in the case outside of Bisor's testimony tended to connect Patt to the offense in order to find Patt guilty of the offenses.

The instruction as given was erroneous. Because no objection to this erroneous instruction was made at trial, we will reverse the judgment only if Patt suffered egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Under the egregious harm standard, the complete omission of an accomplice witness instruction is generally harmless unless the corroborating (non-accomplice) evidence is "so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) (*quoting Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)). But we are not confronted with a situation where an accomplice witness instruction was entirely omitted. Rather, the accomplice witness instruction given was improperly worded by giving the jury the ability to determine whether or not they believed Bisor was an accomplice. Patt does not complain about the portion of the instruction that required corroboration of Bisor to convict Patt.

However, by removing Bisor's testimony from consideration, the evidence was not "so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002). Patt was seen driving a vehicle with the lights off coming from the direction of the robbery within a very short time after the robbery was reported. Patt fled from the police in the vehicle, and then on foot. An officer observed Patt walking down the street, and Patt disappeared before the officer could talk to him. Patt was located hiding in a field close to a jacket that was identified as belonging to one of the robbers on a videotape recording of the robbery. With the jacket was a cell phone that was

linked to Patt. The shotgun used in the robbery was also located behind the apartment complex where the vehicle was abandoned. A roll of quarters was found in the front passenger floorboard that appeared to be similar to those stored in the cash register at the store that had been robbed. The store's employee had testified that the robbers only got away with quarters from the register. Having reviewed the evidence without Bisor's testimony, we find that Patt was not egregiously harmed by the erroneous instruction. We overrule issue two.

*Insufficient Corroboration*

Patt complains that the evidence was insufficient to corroborate the testimony of Bisor. As stated above, Patt's convictions cannot stand on the accomplice testimony of Bisor unless that testimony is corroborated by other evidence tending to connect Patt with the offenses. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005). To corroborate accomplice testimony, we eliminate "all of the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime." *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007) (*citing Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001)). "The corroborating evidence need not be sufficient by itself to establish guilt; there simply needs to be 'other' evidence 'tending to connect' the defendant to the offense." *Id*. In other words, "[t]he non-accomplice evidence does not have to directly link appellant to the crime, nor does it alone have to establish his guilt beyond a reasonable doubt." *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). "There must simply be some non-accomplice evidence which tends to connect

appellant to the commission of the offense alleged in the indictment." *Castillo*, 221 S.W.3d at 691.

Although the standards are slightly different, we have previously determined that the evidence considered without Bisor's testimony established that Patt was not egregiously harmed by the erroneous instruction. We also find that the evidence as described above more than "tends to connect" Patt with the offenses. We overrule issue three.

*Conclusion*

We find that the admission of the testimony regarding the dog tracking evidence, if erroneous, was harmless. We find that Patt was not egregiously harmed by an erroneous jury instruction in the charge, and that the evidence was sufficient to corroborate Bisor's accomplice testimony. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed September 1, 2010
Do not publish
[CRPM]