IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00023-CR

No. 10-10-00024-CR

 

Christopher Leavele Patt,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court Nos. 09-02307-CRF-85
and 09-02308-CRF-85

 



MEMORANDUM  Opinion



 

            Christopher Leavele Patt appeals from
his convictions for three counts of aggravated robbery and one count of evading
arrest in a motor vehicle.  Tex. Pen.
Code Ann. §§ 29.03 & 38.04 (Vernon Supp. 2009).  Patt was convicted
by a jury but the trial court determined his punishment.  Patt was sentenced to
imprisonment for fifty (50) years on each of the aggravated robbery counts and
ten (10) years on the evading arrest charge.  Patt complains that the trial
court erred in the admission of expert testimony regarding dog tracking, there
was jury charge error, and the evidence is insufficient to sustain his
conviction absent the accomplice testimony.  Because we find no reversible
error, we affirm the judgments of the trial court.

Admission of Evidence

            Patt complains that the trial court
erred in admitting expert testimony regarding the dog tracking procedure that
was used during his apprehension for the instant offenses.  Specifically, Patt
complains that the trial court erred by refusing to consider the qualifications
or reliability of the dog before ruling on the admissibility of the testimony
of the dog’s handler and the dog and handler’s trainer.  

            We review the admission of evidence
under an abuse of discretion standard.  We will only find that the trial court
abused its discretion if the trial court acted without reference to any guiding
rules or principles.  Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  

            The dog in question, Kohn, was new to
the police department at the time of the offenses.  Kohn is a Belgian Malinois,
which is a common police dog breed known for its sense of smell.  Kohn and his
handler, Hanks, had completed a 640 hour training course together, and Kohn became
certified as a dog tracker in fresh ground disturbance.  During that training,
Kohn had completed 58 training tracks and had proven reliable in those tracks. 
The tracking procedure was the dog’s third attempt at an actual track.  The
dog’s two prior tracking attempts were unsuccessful, likely due to human
error.  At least two subsequent tracking incidents were unsuccessful.  Kohn was
taken to a spot near to where a jacket had previously been located.  Kohn found
a track of fresh ground disturbance and followed it, with Hanks and
Swartzlander, the canine supervisor for the police department, behind him. 
While following Kohn, Swartzlander spotted Patt attempting to hide
approximately thirty yards from the jacket, lying on the ground with his feet
sticking out from underneath a building.  At the time Patt was located, Kohn
was approximately ten yards away, ostensibly still following a track.  When he
was apprehended, Patt did not have on a shirt, but had on dark pants and other
items of clothing that were later connected by a videotape of the robbery to
Patt.

            Assuming without deciding that the
expert testimony relating to the tracking procedures was erroneously admitted,
we determine if the error is harmless.  When determining harm from a
non-constitutional error, we must disregard the error unless it affects Patt’s
substantial rights.  Tex. R. App. P.
44.2(b).  A substantial right is affected when the error had a substantial and
injurious effect or influence in determining the jury’s verdict.  King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  Substantial rights are
not affected by the erroneous admission of evidence “if the appellate court,
after examining the record as a whole, has fair assurance that the error did
not influence the jury, or had but a slight effect.”  Motilla v. State,
78 S.W.3d 352, 355 (Tex. Crim. App. 2002).  

The testimony was given to assist the jury in
understanding the process of using a dog to track fresh ground disturbance;
however, Patt was located within a reasonably short distance of where the
jacket was located.  A hat and cell phone displaying the words “C#r!$” and “@k@
cp” were located with the jacket.  No expert opinion was given as to anything
other than the reliability of the track itself.  The type of tracking employed
is not used to determine human scent and no attempt was made to connect Patt
with the tracking by scent.  Patt’s accomplice had been arrested after they had
attempted to evade arrest, and he named Patt as his accomplice.  We have “a
fair assurance that the error did not influence the jury, or had but a slight
effect.”  Motilla, 78 S.W.3d at 355.  We overrule issue one.

Jury Charge Error

            Patt complains that the trial court
erred in failing to submit an instruction that his accomplice, Ryan Bisor, was
an accomplice as a matter of law.  The trial court submitted an instruction
that sought a jury finding as to whether Bisor was an accomplice.  Patt did not
object to the charge on this basis.

Because there was no objection made to the charge
by Patt, we must first determine whether the charge as submitted to the jury
was erroneous and if so, we must then analyze this complaint utilizing the
standard of Almanza v. State.  Allen v. State, 253
S.W.3d 260, 264 (Tex. Crim. App. 2008) (citing Olivas v. State, 202
S.W.3d 137, 143-44 (Tex. Crim. App. 2006), citing Almanza, 686 S.W.2d
157 (Tex. Crim. App. 1985)).  Under Almanza, unobjected-to
jury charge error will not result in reversal of a conviction in the absence of
“egregious harm.”  Almanza, 686 S.W.2d at 171.  

In examining the record for egregious harm, we
consider the entire jury charge, the state of the evidence, the final arguments
of the parties, and any other relevant information revealed by the record of
the trial as a whole.   Olivas, 202 S.W.3d at 144.  Jury
charge error is egregiously harmful if it affects the very basis of the case,
deprives the defendant of a valuable right, or vitally affects a defensive
theory.  Stuhler v. State, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); Sanchez
v. State, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

Accomplice Testimony

A conviction cannot be had upon the testimony of
an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed.  Tex.
Code Crim. Proc. Ann. art. 38.14 (Vernon 2005).  An accomplice is a person
who participates before, during, or after the commission of the crime and can
be prosecuted for the same offense as the defendant or for a lesser-included
offense.  Medina v. State, 7 S.W.3d 633, 641 (Tex. Crim. App.
1998).  A defendant is entitled to an accomplice witness instruction if and
only if “there is sufficient evidence in the record to support a charge against
the witness alleged to be an accomplice.”  Id. (quoting Blake v.
State, 971 S.W.2d 451, 455 (Tex. Crim. App. 1998)).  Here, Bisor was also
charged with aggravated robbery and evading arrest and, therefore, was an
accomplice as a matter of law.  See Kerns v. State, 550 S.W.2d 91, 94
(Tex. Crim. App. 1977).

The record before us shows the trial court failed
to instruct the jury that as a matter of law Bisor’s testimony had to be
corroborated by other evidence tending to connect Patt to the crime.  The
instruction as worded gave the jury the ability to determine if they believed
that Bisor was an accomplice beyond a reasonable doubt and if so, only then was
the jury required to find that other evidence in the case outside of Bisor’s
testimony tended to connect Patt to the offense in order to find Patt guilty of
the offenses.  

The instruction as given was erroneous.  Because
no objection to this erroneous instruction was made at trial, we will reverse
the judgment only if Patt suffered egregious harm.  Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  Under the
egregious harm standard, the complete omission of an accomplice witness instruction
is generally harmless unless the corroborating (non-accomplice) evidence is “so
unconvincing in fact as to render the State’s overall case for conviction
clearly and significantly less persuasive.”  Herron v. State, 86 S.W.3d
621, 632 (Tex. Crim. App. 2002) (quoting Saunders v. State, 817 S.W.2d
688, 692 (Tex. Crim. App. 1991)).  But we are not confronted with a situation
where an accomplice witness instruction was entirely omitted.  Rather, the
accomplice witness instruction given was improperly worded by giving the jury
the ability to determine whether or not they believed Bisor was an accomplice. 
Patt does not complain about the portion of the instruction that required
corroboration of Bisor to convict Patt.

However, by removing Bisor’s testimony from
consideration, the evidence was not “so unconvincing in fact as to render the
State’s overall case for conviction clearly and significantly less
persuasive.”  Herron v. State, 86 S.W.3d 621, 632 (Tex. Crim. App.
2002).  Patt was seen driving a vehicle with the lights off coming from the
direction of the robbery within a very short time after the robbery was
reported.  Patt fled from the police in the vehicle, and then on foot.  An
officer observed Patt walking down the street, and Patt disappeared before the
officer could talk to him.  Patt was located hiding in a field close to a
jacket that was identified as belonging to one of the robbers on a videotape
recording of the robbery.  With the jacket was a cell phone that was linked to
Patt.  The shotgun used in the robbery was also located behind the apartment
complex where the vehicle was abandoned.  A roll of quarters was found in the
front passenger floorboard that appeared to be similar to those stored in the
cash register at the store that had been robbed.  The store’s employee had
testified that the robbers only got away with quarters from the register. 
Having reviewed the evidence without Bisor’s testimony, we find that Patt was
not egregiously harmed by the erroneous instruction.  We overrule issue two.

Insufficient Corroboration

Patt complains that the evidence was insufficient
to corroborate the testimony of Bisor.  As stated above, Patt’s convictions
cannot stand on the accomplice testimony of Bisor unless that testimony is
corroborated by other evidence tending to connect Patt with the offenses.  Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005).  To corroborate accomplice testimony, we eliminate “all of the
accomplice testimony from consideration and then examine the remaining portions
of the record to see if there is any evidence that tends to connect the accused
with the commission of the crime.”  Castillo v. State, 221 S.W.3d 689,
691 (Tex. Crim. App. 2007) (citing Solomon v. State, 49 S.W.3d 356, 361
(Tex. Crim. App. 2001)).  “The corroborating evidence need not be sufficient by
itself to establish guilt; there simply needs to be ‘other’ evidence ‘tending
to connect’ the defendant to the offense.”  Id.  In other words, “[t]he
non-accomplice evidence does not have to directly link appellant to the crime,
nor does it alone have to establish his guilt beyond a reasonable doubt.”  McDuff
v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997).  “There must simply
be some non-accomplice evidence which tends to connect appellant to the
commission of the offense alleged in the indictment.”  Castillo,
221 S.W.3d at 691.  

Although the standards are slightly different, we
have previously determined that the evidence considered without Bisor’s
testimony established that Patt was not egregiously harmed by the erroneous
instruction.  We also find that the evidence as described above more than
“tends to connect” Patt with the offenses.  We overrule issue three.

Conclusion

            We find that the admission of the
testimony regarding the dog tracking evidence, if erroneous, was harmless.  We
find that Patt was not egregiously harmed by an erroneous jury instruction in
the charge, and that the evidence was sufficient to corroborate Bisor’s
accomplice testimony.  We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed September 1, 2010

Do not publish

[CRPM]