Affirmed and Memorandum Opinion
filed April 14, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00316-CR



Amado Moreno,
Jr., Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 381st District Court

Starr County, Texas

Trial Court
Cause No. 09-CR-349



 

MEMORANDUM OPINION 

Appellant Amado Moreno, Jr. appeals his conviction
for aggravated kidnapping, claiming the trial court reversibly erred by
overruling appellant’s objections to the prosecution’s closing argument and by
failing to give a curative instruction.  We affirm.

Factual and Procedural
Background

Appellant was charged by indictment with the offense
of aggravated kidnapping, to which he pleaded “not guilty.”  A jury found
appellant guilty of the charged offense.

In closing arguments at the punishment phase of
trial, the State advocated for a prison sentence, rather than probation, as
punishment, and urged the jury to consider the full range of punishment of five
to ninety-nine years.  In his own closing argument, appellant asked the jury to
consider a probated sentence of five to ten years.  In rebuttal, the prosecutor
urged the jury to consider a sentence of twenty-five years.  As relevant to
this appeal, appellant asserts error based on the following statements made by
the prosecutor:

[PROSECUTOR]: And I
want to read something to you before you leave.  It is also possible that the
length of time for which the Defendant will be in prison might be reduced by
the award of parole.  I want you to remember that when you go back and give a
number.  Because his term of imprisonment will be reduced—may be—

[DEFENSE
ATTORNEY]:  Objection, Your Honor, that is not correct.

[PROSECUTOR]:  Let
me rephrase that.

[DEFENSE
ATTORNEY]:  We object to that, Your Honor.  That is not correct.

[TRIAL COURT]:  The
Jury heard the Court’s instruction of the law and that’s the law.  This is
argument.  Go ahead, sir.

[PROSECUTOR]:  Let
me rephrase that.

[DEFENSE
ATTORNEY]:  May I have a ruling, sir?

[TRIAL COURT]: 
It’s overruled, sir.

[DEFENSE
ATTORNEY]:  Okay.  I just needed to have a ruling for the record.

[PROSECUTOR]:  Let
me read that.  It is also possible that the length of time for which the
Defendant will be in prison might be reduced by the award of parole.  I want
you to remember that when you go back and think of the number 25.

            The trial court
noted, “[T]he punishment evidence is before you, the charge of the Court, as
well as the argument of the attorneys,” and excused the jury.  Appellant sought
to object to the prosecutor’s last statement before the jury adjourned.  The
trial judge noted that he already had ruled and instructed appellant to wait
until the jury was no longer present.  Appellant voiced no objection to this
procedure.  Once the jury was no longer present, the trial court indicated that
he previously had overruled the objection and then allowed appellant to make a
bill of exceptions.

            As part of his
bill, appellant noted that the prosecutor argued to the jury to consider parole
in assessing appellant’s sentence when the jury charge contained express
instructions for the jury not to consider the extent to which parole may be
awarded or forfeited in appellant’s particular case.  In response, the trial
judge reiterated that he had advised the jury to consider the trial court’s
charge in deliberations.

            The jury assessed
punishment at ten years’ confinement and the trial court sentenced appellant
accordingly.

Analysis

In a single issue, appellant asserts the trial court
reversibly erred by overruling his objections to the prosecutor’s closing
argument and by failing to give a curative instruction to the jury. 

Appellant complains of the prosecutor’s two arguments
to the jury to remember when determining appellant’s sentence that the length
of time for which appellant would be in prison might be reduced by the award of
parole.  Presuming for the sake of argument that appellant preserved error as
to these two statements and that the prosecutor’s comments were improper, we
conclude any error was harmless.  

Improper jury argument is error of a
non-constitutional dimension.  See Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998) (applying Texas Rule of Appellate Procedure 44.2(b) to
improper comments that fall outside of permissible argument).  We
conduct a harm analysis, balancing the following three factors:  (1) the
severity of the misconduct (the prejudicial effect); (2) the measures adopted
to cure the misconduct; and, (3) the certainty of punishment assessed absent
the misconduct (the likelihood of the same punishment being assessed).  See
Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (applying
balancing factors as set forth in Mosley to punishment proceedings in a
non-capital case).  

The jury charge properly contained an instruction to
the jury not to consider how good-conduct time and parole would be applied to
appellant.  See Tex. Code Crim.
Proc. Ann. art. 37.07 § 4(c) (West 2006); Hawkins, 135 S.W.3d at
84 (“The law specifically provides that the jury may consider the existence of
parole law and good time in making its punishment determination; the jury is
simply prohibited from considering how parole law and good time would be
applied to a particular defendant.”).  The trial court, in overruling
appellant’s objection, stated, “The Jury heard the Court’s instruction of the
law and that’s the law.  This is argument.”  Nothing in the record suggests
that in assessing punishment the jury improperly speculated as to when, if
ever, appellant would be released on parole.  Absent any indication to
the contrary, we presume the jury followed the trial court’s written instructions
regarding parole law and good-conduct time.  See Rose v. State, 752
S.W.2d 529, 554 (Tex. Crim. App. 1988) (op. on reh’g); Clayton v. State,
767 S.W.2d 504, 506 (Tex. App.—Amarillo 1989, writ ref’d).

As reflected in the record, the available range of punishment
for the charged offense was five to ninety-nine years.  See Tex. Penal Code Ann. §§ 20.04, 12.32
(West 2003).  Although the State urged the jury to assess a prison sentence of
twenty-five years, the jury assessed punishment at ten years’ confinement.  On
this record, we cannot determine that any improper jury argument adversely
contributed to the jury’s assessment of punishment.  In light of the record and
in balancing the requisite factors, we conclude any error was harmless.  We
overrule appellant’s sole issue on appeal.

The trial court’s
judgment is affirmed. 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).