# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00274-CR
NO. 03-12-00275-CR

**Samuel Jones, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NOS. D-1-DC-12-904013 & D-1-DC-12-904014
HONORABLE CLIFFORD BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Samuel Jones of aggravated assault with a deadly weapon and burglary of a habitation. *See* Tex. Penal Code §§ 22.02, 30.02. Jones was sentenced to forty-five years' imprisonment for the aggravated assault with a deadly weapon and forty-five years' imprisonment for the burglary of a habitation. In a single point of error, Jones contends he suffered egregious harm as a result of jury charge error. For the reasons that follow, we affirm the judgments of conviction.

## BACKGROUND

The jury heard evidence that on May 1, 2011, James Harper was cleaning his backyard pool. Shortly after noticing a white Honda car with a loud muffler drive by, Harper saw someone rolling his red power washer away from his garage. He immediately ran onto the street

and confronted an individual holding the power washer, positioning himself between the individual and the white Honda. A confrontation ensued as the individual drew a knife and began swinging it at Harper. The individual then ran down the street and jumped into the passenger side of the white Honda. Harper was able to see the license plate number as the white Honda drove away. He contacted police immediately, and they put out a "be on the lookout" (BOLO) alert for a car matching that description and license plate number.

On May 20, 2011, Austin Police Department Officer Brian Narciso stopped a vehicle matching the description of the white Honda and spoke with the car's driver, Jarrod Burkett. Burkett denied any involvement or knowledge in the crime, but mentioned he had loaned his car to an individual named "Sam" around the time in question. At Officer Narciso's instruction, Burkett contacted the investigating detective and provided appellant's name, Samuel Jones.

Although Burkett initially denied any involvement in the incident, he later entered into an immunity agreement with the State and testified at trial. He testified that he had driven Jones "to hit a lick," as he described stealing something. Jones noticed a home with an open garage and a visible power washer, so Burkett pulled the car over for Jones to get out. While waiting for Jones to return, Burkett was able to see through the rearview mirror as Jones swung a knife at Harper.

Harper identified Jones in a photo lineup less than a month after the incident, saying he was "very 100 percent confident" in his identification. When asked at trial if there was anything distinctive about the man who attempted to stab him, Harper answered that the suspect's teeth were "really crooked" and "very, very brown." With that recollection, Harper again identified Jones as the assailant at trial.

## DISCUSSION

In his sole point of error, Jones contends the trial court erred by failing to provide the jury an accomplice-witness instruction under article 38.14 of the code of criminal procedure because Burkett was an accomplice as a matter of law.[1]  *See* Tex. Code Crim. Proc. art. 38.14 (explaining corroboration of accomplice-witness testimony).  Because Jones did not request such an instruction at trial, to prevail on appeal he must show this alleged error resulted in egregious harm.  *See Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991) (addressing egregious harm standard under *Almanza* in the context of failure to submit an accomplice-witness instruction); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (addressing unpreserved error).

### *The Accomplice-Witness Rule*

An accomplice is someone "who participates with a defendant before, during, or after the commission of the crime and acts with the requisite culpable mental state." *Cocke v. State*, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006).  To be considered an accomplice, the witness "must have engaged in an affirmative act that promotes the commission of the offense that the accused committed." *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011) (citing *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007)).  Evidence must exist connecting the alleged accomplice to the offense as a "blameworthy participant," but "whether the alleged accomplice-witness is actually charged or prosecuted for his participation is irrelevant." *Cocke*, 201 S.W.3d at 748 (citing *Blake v. State*, 971 S.W.2d 451, 455 (Tex. Crim. App. 1998)).

---

[1]  Jones's indictments were consolidated for trial.

The evidence at trial dictates whether a witness may be an accomplice as a matter of law or as a matter of fact. *Smith*, 332 S.W.3d at 439 (citing *Cocke*, 201 S.W.3d at 747). An accomplice as a matter of law is a witness susceptible for prosecution for the same or lesser-included offenses as the accused or who implicates himself in the same offense for which the defendant is charged. *Kerns v. State*, 550 S.W.2d 91, 94 (Tex. Crim. App. 1977). The trial court is required to give the jury an accomplice-witness instruction if a witness is an accomplice as a matter of law. *Cocke*, 201 S.W.3d at 748. If the evidence does not clearly show the witness is an accomplice as a matter of law, or if the parties present conflicting evidence as to whether the witness is an accomplice, the trial court should allow the jury to decide whether the witness is an accomplice as a matter of fact with an instruction defining the term "accomplice." *Druery*, 225 S.W.3d at 498-99; *Cocke*, 201 S.W.3d at 747-48 (citing *DeBlanc v. State*, 799 S.W.2d 701, 708 (Tex. Crim. App. 1990)).

The evidence presented at trial shows Burkett acted with a culpable mental state, actively participated with Jones before, during, and after the commission of the offenses, and acted in a manner to promote the offenses with which Jones was charged. *See Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007). Burkett knew that the very purpose of driving around with Jones was to "hit a lick," and his trial testimony implicated him in these offenses while also affirming his voluntary participation. *See Kerns*, 550 S.W.2d at 94. The record also shows Burkett's participation continued beyond simply giving Jones a ride, with Burkett pulling the car over for Jones to steal the power washer, waiting for his return, and driving away once Jones was back in the car. On these facts, Burkett was an accomplice as a matter of law.

4

When the evidence "clearly shows— i.e., there is no doubt— that a witness is an accomplice as a matter of law," the trial court has a duty to provide an accomplice-witness instruction. *Druery*, 225 S.W.3d at 498. Such an instruction "merely informs the jury that it cannot use the accomplice witness testimony unless there is also some non-accomplice evidence connecting the defendant to the offense." *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002). Because Burkett was an accomplice as a matter or law, failure to submit an accomplice-witness instruction was error.

### Egregious Harm

Failure to submit an instruction on accomplice-witness testimony, absent objection or request for such instruction at trial, is not reversible error where the evidence clearly warrants a conviction independent of the accomplice's testimony—egregious harm must be shown. *Solis v. State*, 792 S.W.2d 95, 98 (Tex. Crim. App. 1990). The egregious harm standard requires "appellate review [to] inquire whether the jurors would have found the corroborating evidence so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive." *Casanova v. State*, 383 S.W.3d 530, 539 (Tex. Crim. App. 2012) (citing *Saunders*, 817 S.W.2d at 692). Reversal is required if the error "created such harm that he [the defendant] has not received a fair and impartial trial—in short, egregious harm." *Solis*, 792 S.W.2d at 98 (citing *Almanza*, 686 S.W.2d at 171-72).

While the facts support the submission of an accomplice-witness instruction, the prosecution's case for conviction was not "actually made clearly and significantly more persuasive by the error." *Saunders*, 817 S.W.2d at 692. Sufficient corroborating non-accomplice evidence

5

existed to connect Jones to the crimes, such as Harper's "very 100 percent confident" identification of Jones in a pretrial photo lineup and then again at trial. *See Solis*, 792 S.W.2d at 98 (quoting *Thompson v. State*, 493 S.W.2d 913, 916 (Tex. Crim. App. 1971) ("[a] failure to instruct on the law of accomplice witnesses, especially where no charge was requested, is not reversible error where the evidence clearly warrants a conviction independent of the accomplice's testimony")). Although Jones challenges a discrepancy between Harper's description of the suspect's height versus Jones's actual height, we defer to the factfinder's resolution of any conflicts in the evidence and do not independently construe non-accomplice evidence. *Id.*; *Smith*, 332 S.W.3d at 442.

Viewing the record in its entirety, we conclude that the corroborating evidence from sources other than the accomplice is sufficient to connect Jones to the offenses, and as such he did not suffer egregious harm due to the lack of an accomplice-witness instruction in the charge. We overrule Jones's sole point of error.

## CONCLUSION

Having overruled Jones's only point of error, we affirm the judgments of conviction.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: August 14, 2013

Do Not Publish

6