

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00156-CR

_____

JAMES RAY CLAYTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 88-40,508; Honorable Jim Bob Darnell, Presiding[1]

April 24, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In 1988, Appellant, James Ray Clayton, was convicted of burglary of a habitation with intent to commit sexual assault, enhanced, and sentenced to life imprisonment. By opinion and judgment dated March 16, 1989, this Court affirmed the conviction.[2] The conviction became final, and Appellant is not entitled to a second appeal from that conviction.

---

[1] When Appellant was convicted in 1988, the presiding judge was Honorable John R. McFall, now deceased.

[2] See Clayton v. State, 767 S.W.2d 504 (Tex. App.—Amarillo 1989, pet, ref'd).

On April 21, 2014, Appellant filed a *Notice of Appeal* purporting to appeal the trial court's "neglect" in failing to rule on a *Bill of Review* he filed in January 2014, asserting his judgment and sentence were void from their inception. We dismiss this purported appeal for want of jurisdiction.

This Court has jurisdiction to hear an appeal only if it is from a final order or judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We also have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998). Appellant admits in his notice that there is no judgment from which to appeal.

Moreover, a bill of review is an equitable proceeding and an independent cause of action to set aside a civil judgment that is no longer appealable or subject to challenge. *See Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926-27 (Tex. 1999). *See also* TEX. R. CIV. P. 329b(f). A bill of review has no application in a criminal proceeding, and it is not a proper procedure for challenging a criminal conviction. *See Morgan v. Klein*, No. 07-12-0430-CV, 2012 Tex. App. LEXIS 9966, at *2 (Tex. App.—Amarillo Nov. 29, 2012, no pet.) (mem. op).

Consequently, this proceeding is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.

2